**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of  Delaware
                                 _____
                                    (State)

Case number (*If known*): _____   Chapter  11
                                                          _____

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | Joonko Diversity Inc. |
| 2. | **All other names debtor used in the last 8 years** <br><br>Include any assumed names, trade names, and *doing business as* names | Joonko Diversity INC, Joonko Diversity LTD |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 81 — 3198337 |

4. **Debtor's address**

| **Principal place of business** | **Mailing address, if different from principal place of business** |
|---|---|
| 157         Columbus Avenue <br> Number     Street <br> 4th Floor <br><br> New York                NY    10023 <br> City                    State  ZIP Code <br><br> New York <br> County | _____ <br> Number     Street <br><br> _____ <br> P.O. Box <br><br> _____ <br> City      State    ZIP Code <br><br> **Location of principal assets, if different from principal place of business** <br><br> _____ <br> Number     Street <br><br> _____ <br><br> _____ <br> City      State    ZIP Code |

5. **Debtor's website** (URL) _____

Debtor  Joonko Diversity Inc.  
_____Name_____

Case number *(if known)*_____

| | | |
|---|---|---|
| **6.** | **Type of debtor** | ☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐ Partnership (excluding LLP)<br>☐ Other. Specify: _____ |
| **7.** | **Describe debtor's business** | A. *Check one:*<br>☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))<br>☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))<br>☐ Railroad (as defined in 11 U.S.C. § 101(44))<br>☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))<br>☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))<br>☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))<br>☑ None of the above<br><br>B. *Check all that apply:*<br>☐ Tax-exempt entity (as described in 26 U.S.C. § 501)<br>☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)<br>☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))<br><br>C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .<br>561311 |
| **8.** | **Under which chapter of the Bankruptcy Code is the debtor filing?**<br><br>A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box. | *Check one:*<br>☐ Chapter 7<br>☐ Chapter 9<br>☑ Chapter 11. *Check all that apply*:<br>    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).<br>    ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).<br>    ☐ A plan is being filed with this petition.<br>    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).<br>    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.<br>    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.<br>☐ Chapter 12 |

Debtor __Joonko Diversity Inc._____    Case number (if known)_____
      Name

9. **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

   If more than 2 cases, attach a separate list.

   ☑ No
   ☐ Yes.  District _____ When _____ Case number _____
                                      MM / DD / YYYY
         District _____ When _____ Case number _____
                                      MM / DD / YYYY

10. **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

    List all cases. If more than 1, attach a separate list.

    ☑ No
    ☐ Yes.  Debtor _____ Relationship _____
          District _____ When _____
                                              MM / DD / YYYY
          Case number, if known _____

11. **Why is the case filed in *this district*?**

    Check all that apply:

    ☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

    ☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

12. **Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

    ☑ No
    ☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

    **Why does the property need immediate attention?** (*Check all that apply*.)

    ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
       What is the hazard? _____

    ☐ It needs to be physically secured or protected from the weather.

    ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

    ☐ Other _____

    **Where is the property?** _____
                            Number     Street

    _____
    City                               State ZIP Code

    **Is the property insured?**
    ☐ No
    ☐ Yes. Insurance agency _____
          Contact name _____
          Phone _____

---

**Statistical and administrative information**

Debtor   Joonko Diversity Inc.                                   Case number (if known)_____
         Name

| 13. Debtor's estimation of available funds | Check one:<br>☑ Funds will be available for distribution to unsecured creditors.<br>☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors. |||
|---|---|---|---|
| 14. Estimated number of creditors | ☑ 1-49<br>☐ 50-99<br>☐ 100-199<br>☐ 200-999 | ☐ 1,000-5,000<br>☐ 5,001-10,000<br>☐ 10,001-25,000 | ☐ 25,001-50,000<br>☐ 50,001-100,000<br>☐ More than 100,000 |
| 15. Estimated assets | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☑ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |
| 16. Estimated liabilities | ☑ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |

### Request for Relief, Declaration, and Signatures

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

17. **Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  05/14/2024
             MM / DD / YYYY

X _____        Ilan Band
Signature of authorized representative of debtor   Printed name

Title  Chief Executive Officer

Debtor   Joonko Diversity Inc.                                    Case number (if known)
         Name

18. **Signature of attorney**   X *[signature: David R. Hurst]*          Date  05/14/2024
                                Signature of attorney for debtor              MM   / DD  / YYYY

   David R. Hurst
   Printed name
   McDermott Will & Emery LLP
   Firm name
   1000        N. West Street, Suite 1400
   Number      Street
   Wilmington                                   DE        19801
   City                                         State      ZIP Code

   (302) 485-3900                               dhurst@mwe.com
   Contact phone                                Email address

   3743                                         DE
   Bar number                                   State

**UNANIMOUS CONSENT IN LIEU
OF A MEETING OF THE
BOARD OF DIRECTORS
OF
JOONKO DIVERSITY INC.**

The undersigned, being the directors of JOONKO DIVERSITY INC. (the "Company"), pursuant to 8 Del. C. § 141(f), hereby consent to the following resolutions and actions which shall be deemed validly adopted resolutions and validly taken actions and shall have the same force and effect as if adopted and done at a duly called meeting of the Board of Directors:

Chapter 11 Filing

WHEREAS, the Board, with the assistance of the Company's Chief Executive Officer ("CEO") and advisors, has evaluated and investigated potential strategies for the winddown of the Company and the equitable distribution of the Company's remaining assets to the Company's creditors and interest holders, which included the potential filing of a petition by the Company seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"); and

WHEREAS, the Board, having considered, among other things, the liabilities and liquidity situation of the Company, and the strategic alternatives available to the Company, has determined that it is desirable and in the best interests of the Company, its creditors, its interest holders, and other parties in interest, that the Company seek relief under the provisions of chapter 11 of the Bankruptcy Code.

NOW, THEREFORE, BE IT RESOLVED, that Ilan Band, in his capacity as CEO of the Company, is hereby authorized and directed on behalf of the Company to commence a case under chapter 11 of the Bankruptcy Code (the "Chapter 11 Case") by executing, verifying, and delivering a voluntary petition in the name of the Company under chapter 11 of the Bankruptcy Code and causing the same to be filed with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

FURTHER RESOLVED, that the CEO is hereby authorized and directed, on behalf of and in the name of the Company, to execute, verify and/or file, or cause to be filed and/or executed or verified, and to amend, supplement, or otherwise modify from time to time, all necessary or appropriate documents, including, without limitation, petitions, affidavits, schedules, motions, lists, applications, pleadings, and other documents, agreements, and papers; and to take any and all actions which he deems necessary or appropriate; each in connection with the Chapter 11 Case.

FURTHER RESOLVED, that the CEO is hereby authorized and directed, in the name and on behalf of the Company, to take and perform any and all further acts and deeds which he deems necessary, proper, or desirable in connection with the Chapter 11 Case, with a view to the successful prosecution of such case.

Retention of Professionals

FURTHER RESOLVED, that the CEO is hereby authorized and directed to employ the law firm of McDermott Will & Emery LLP ("McDermott") as general bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations in the Chapter 11 Case, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, the CEO is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of McDermott.

FURTHER RESOLVED, that the CEO is hereby authorized and directed to employ the firm of BMC Group, Inc. ("BMC") as claims and noticing agent and administrative agent to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations in the Chapter 11 Case, including with respect to noticing, claims management and reconciliation, plan solicitation, balloting, disbursements, and assisting with the preparation of the Company's schedules of assets and liabilities and statement of financial affairs; and in connection therewith, the CEO is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application or applications for authority to retain the services of BMC.

FURTHER RESOLVED, that the CEO is hereby authorized and directed to employ and retain such further legal, restructuring, financial, accounting, and bankruptcy services firms (together with the foregoing identified firms, the "Professionals") as may be deemed necessary or appropriate to assist the Company in carrying out its responsibilities in the Chapter 11 Case.

General Authority

FURTHER RESOLVED, that the omission from the foregoing resolutions of any agreement or other arrangement contemplated by any of the matters described in the foregoing resolutions or any action to be taken in accordance with any requirement of any of the matters described in the foregoing resolutions shall in no manner derogate from the authority of the CEO to take all actions necessary, desirable, advisable, or appropriate to consummate, effectuate, carry out, or further the transactions contemplated by or in furtherance of any of the foregoing resolutions.

IN WITNESS WHEREOF, the directors of the Company have executed this written consent effective as of May 9, 2024.

| DocuSigned by: | DocuSigned by: | DocuSigned by: |
|---|---|---|
| *Yanai Oron* | *[signature]* | *[signature]* |
| Yanai Oron | Liad Agmon | Udi Netzer |

2

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| JOONKO DIVERSITY INC.,[1] | ) ) ) | Case No. 24-_____ (___) |
| Debtor. | ) ) | |

## CORPORATE OWNERSHIP STATEMENT

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, Joonko Diversity Inc., the debtor and debtor-in-possession (the "**Debtor**") in the above-captioned chapter 11 case (the "**Chapter 11 Case**"), represents as follows with respect to the Debtor's corporate ownership:

1. <u>Common Stock</u>. No parent corporation or publicly held corporation owns 10% or more of the Debtor's common stock.

2. <u>Series Seed 1 Preferred Stock</u>. The following entities own 10% or more of the Debtor's Series Seed 1 Preferred Stock: Alabama Futures Fund (45.5%); Kapor Capital I, L.P. (15.9%); and Timberline Holdings (12.5%).[2]

3. <u>Series Seed 2 Preferred Stock</u>. The following entities own 10% or more of the Debtor's Series Seed 2 Preferred Stock: Kapor Capital I, L.P. (34.2%); and Target Global (28.8%).

---

[1] The last four digits of Joonko Diversity Inc.'s federal tax identification number are 8337. Joonko Diversity Inc.'s service address is 157 Columbus Ave., 4th Floor, New York, NY 10023.

[2] The Series Seed 1 Preferred Stock shown as owned by Timberline Holdings may be held jointly with its founder, Mike Goodrich.

4.      <u>Series Seed 3 Preferred Stock</u>.  The following entities own 10% or more of the Debtor's Series Seed 3 Preferred Stock: Alabama Futures Fund (61.0%); Target Global (12.8%); and Timberline Holdings (24.4%).[3]

5.      <u>Series A-1 Preferred Stock</u>.  The following entity owns 10% or more of the Debtor's Series A-1 Preferred Stock: Vertex Ventures (79.4%).

6.      <u>Series A-2 Preferred Stock</u>.  The following entities own 10% or more of the Debtor's Series A-2 Preferred Stock: Alabama Futures Fund (24.4%); Mitchell Kapor Foundation (48.8%); and Target Global (13.4%).

7.      <u>Series B Preferred Stock</u>.  The following entities own 10% or more of the Debtor's Series B Preferred Stock: Insight Partners (53.2%); Target Global (24.6%); and Vertex Ventures (13.3%).

---

[3] The Series Seed 3 Preferred Stock shown as owned by Timberline Holdings may be held jointly with its founder, Mike Goodrich.

**Fill in this information to identify the case:**

Debtor name: Joonko Diversity Inc.
United States Bankruptcy Court for the: District of Delaware
(State)
Case number (If known): _____

☐ Check if this is an amended filing

Official Form 204

# Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | LinkedIn Corporation<br>1000 W. Maude Avenue<br>Sunnyvale, CA 94085 | Rob Meade<br>(402) 739-6193<br>rmeade@linkin.com | Trade Debt | | | | $20,138.27 |
| 2 | Ms. Ilit Raz<br>c/o Young Conaway Stargatt & Taylor, LLP<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE 19801 | James M. Yoch, Jr.<br>(302) 576-3584<br>jyoch@ycst.com | Indemnification | C/U/D | | | Unknown |
| 3 | | | | | | | |
| 4 | | | | | | | |
| 5 | | | | | | | |
| 6 | | | | | | | |
| 7 | | | | | | | |
| 8 | | | | | | | |

Official Form 204    Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims    page 1

**Fill in this information to identify the case and this filing:**

Debtor Name: Joonko Diversity Inc.

United States Bankruptcy Court for the: _____ District of Delaware
(State)

Case number (*If known*): _____

# Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors      12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* ____

☑ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☑ Other document that requires a declaration  Corporate Ownership Statement

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  05/14/2024              X  /s/ Ilan Band
             MM / DD / YYYY             Signature of individual signing on behalf of debtor

                                        Ilan Band
                                        Printed name

                                        Chief Executive Officer
                                        Position or relationship to debtor

Official Form 202        Declaration Under Penalty of Perjury for Non-Individual Debtors